# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| NEIL B. CARMICHAEL, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 1:10-cv-338-DBH ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge's conclusions were not supported by substantial evidence, her analysis failed to comply with Social Security Ruling 96-8p, and she failed to elicit necessary testimony from a vocational expert. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from status post right subtalar fusion, degenerative joint disease of the right acromioclavicular joint, cervical degenerative joint disease, cervical spondylosis with intermittent radiculopathy, thoracic strain and scoliosis of the thoracic spine, and degenerative joint disease of the lumbar spine with

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.2(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

spondylolisthesis, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 16-32; that he had the residual functional capacity ("RFC") to perform a full range of sedentary work, Finding 5, *id.* at 32; that he was unable to perform his past relevant work, Finding 6, *id.* at 38; that, given his age (48 at the time of the hearing), high school education, work experience, and RFC, application of the rules found in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") directed the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.* at 38; and that, therefore, the plaintiff was not under a disability at any time from the alleged date of onset, July 8, 2007, through the date of the decision, April 23, 2010, Finding No. 11, *id.* at 39 & Fact Sheet (Docket No. 8-1). The Decision Review Board affirmed the administrative law judge's decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S.

137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Substantial Evidence in the Record

The plaintiff first contends that the administrative law judge relied solely on the opinion of Dr. Peter Ameglio, an orthopedic surgeon who treated the plaintiff's ankle, to support her RFC assessment for "an essentially full or wide range of work activity of a sedentary exertional level," Record at 22 n.2, and that the medical evidence provided by Dr. Ameglio is insufficient to support that conclusion. Plaintiff's Fact Sheet and Statement of Errors ("Statement of Errors") (Docket No. 8) at 4.

The administrative law judge devoted over two and a half pages of single-spaced text to a review of Dr. Ameglio's treatment records. Record at 19-22. She noted that, in October 2008, Dr. Ameglio opined that the plaintiff could "return to modified duty 'no stairs or climbing' 'no uneven ground' 'no lifting or carrying [more than] 20 pounds.'" *Id*. at 22. The administrative law judge gave this assessment "significant evidentiary weight. It is consistent with the proposition that as of this point in time[,] the claimant possessed the residual functional capacity to perform an essentially full or wide range of work activity of a sedentary exertional level." *Id*. at 22 n.2. Ten pages later, the administrative law judge found that the plaintiff "has the residual functional capacity to perform a full range of sedentary work[.]" *Id*. at 32.

The plaintiff asserts that "no stairs or climbing" and "no uneven ground" are inconsistent with a capacity for the full range of sedentary work. Statement of Errors at 4-5. This is so, he explains, because these two limitations are non-exertional, and sedentary work is defined to

3

include only an exertional impairment. *Id*. at 5-6. He argues that, as a result, the administrative law judge was required to explain why she rejected Dr. Ameglio's conclusion that these non-exertional impairments existed, and her failure to do so requires remand.

Assuming *arguendo* that the plaintiff's characterization of the basis for the administrative law judge's conclusion in this regard is correct, his conclusion nonetheless does not follow from his premise. Postural limitations related to climbing do "not usually erode the occupational base for a full range of unskilled sedentary work," Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011) ("SSR 96-9p"), at 159, and the plaintiff does not explain why his case should be an exception. The same is true of an exclusion of work involving uneven ground. *Id*. Accordingly, since the two non-exertional limitations upon which the plaintiff relies have been found by the commissioner not to erode significantly the full range of unskilled sedentary work, the administrative law judge's failure to discuss them specifically before relying on the Grid was at best a harmless error. *See Barry v. Astrue,* Civil No. 09-311-B-W, 2010 WL 2072767, at *5 (D. Me. May 18, 2010).

The plaintiff takes nothing by this argument.

**B. Social Security Ruling 96-8p**

The plaintiff next asserts that the administrative law judge failed to comply with the requirement of Social Security Ruling 96-8p that she conduct a function-by-function assessment of the degree to which each of the four severe impairments from which she found the plaintiff to suffer, other than his right ankle condition, affected his ability to perform work-related functions, and that this omission requires remand. Statement of Errors at 6-9. He specifies these four impairments as cervical spine disease, a severe shoulder impairment, and impairments of the thoracic and lumbar spine. *Id*. at 9.

With respect to the shoulder impairment, the administrative law judge found nothing beyond a minor physical abnormality, with a diagnosis by Dr. Haigney, in February 2009, of bilateral shoulder pain. Record at 17-18. She later found that the plaintiff's statements concerning the "intensity, persistence and limiting effects" of this pain, along with other symptoms, were not credible "to the extent they are inconsistent with the . . . residual functional capacity." *Id*. at 33. From all that appears, the pain was the only symptom of the shoulder impairment for which the plaintiff submitted the necessary medical evidence, and that evidence, Dr. Haigney's diagnosis, was based primarily on the plaintiff's subjective report of pain. The administrative law judge explained in detail her reasons for discounting the plaintiff's testimony on this point. *Id*. at 32-38. That is all that was required. Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011), at 143-50. *See also Onishea v. Barnhart*, 116 Fed.Appx. 1, 2, 2004 WL 1588294, at **1 (5th Cir. July 16, 2004) (administrative law judge satisfies SSR 96-8p when assessment of RFC is based, in part, on state agency examiner's function-by-function analysis of exertional limitations).

The remaining impairments cited by the plaintiff, all of which involve the spine, were discussed by the administrative law judge under the heading "Vertebrogenic disorders." Record at 23-31. Again, she found diagnoses of left arm muscle pain and right-sided pain under the scapula, *id*. at 24; multifactorial neck and upper back pain, *id*. at 25; minor degenerative changes in the lumbar spine; *id*. at 26, a minor abnormality of the thoracic spine, *id*. at 27; and, from Dr. Haigney, diagnoses of a bilateral L-5 pars defect with spondylolisthesis and minimal instability; work-related low back pain; a neck and bilateral upper extremity work-related injury in 2003; and thoracic spine pain secondary to degenerative joint disease. *Id*. She gave her reasons for giving Dr. Haigney's RFC assessment "little evidentiary weight." *Id*. at 28 n.5. Otherwise, the

only symptom noted in the record for each of the severe impairments is pain, and my previous discussion of the administrative law judge's treatment of the credibility of the plaintiff's subjective reports of pain applies to these impairments as well.

### C. Vocational Expert Testimony

The plaintiff finally contends that "the presence of a non-exertional limitation required the ALJ to obtain vocational expert testimony on the issue of available jobs." Statement of Errors at 10. Specifically, he asserts that "Dr. Ameglio's limitation of 'no stairs or climbing' . . . required the ALJ to seek the testimony of the vocational expert." *Id*. The administrative law judge mentions these limitations but neither adopts them or explains why she might have rejected them. However, as I noted earlier, SSR 96-9p, upon which the plaintiff relies in this context, *id*. at 11, provides specifically that "[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds . . . would not usually erode the occupational base for a full range of unskilled sedentary work." SSR 96-9p, at 159. Thus, in the absence of a showing to the contrary by the plaintiff, a limitation on climbing, other than on stairs, does not erode the sedentary occupational base at all, and no vocational expert testimony was required on this point because it is clear that there is no erosion on this basis. The only possible basis for remand, according to the plaintiff's argument, therefore, is the limitation "no stairs."

On this point, the First Circuit provided some limited guidance in an unpublished decision in 1996. In a case in which an examining consultant physician assigned the claimant an RFC indicating that the claimant could never climb, the First Circuit held that, when the administrative law judge did not mention this restriction in her decision, "this court is left without any basis for determining whether the claimant's non-exertional limitations are sufficiently minimal to permit the ALJ to rely on the Grid or whether vocational evidence was

6

required. We note that even sedentary work may require the ability to ascend or descend stairs on a daily basis. *See* SSR 85-15." *Gonzalez-Aleman v. Secretary of Health & Human Servs.*, 86 F.3d 1146 (table), 1996 WL 267275 at *2 (1st Cir. May 21, 1996).[2]

However, SSR 96-9p was published on July 2, 1996. Rulings at 152. The *Gonzalez* decision was issued on May 21, 1996, 1996 WL 267275 at *1, so the Ruling was not available to the First Circuit. For the purposes of the instant case, even though the Ruling does not mention stairs specifically, I find the Ruling to fill the void perceived by the First Circuit and to govern here. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (limitation to occasional climbing of stairs treated as postural limitation addressed by SSR 96-9p); *Barry v. Astrue*, Civil No. 09-311-B-W, 2010 WL 2072767, at *5 (D. Me. May 18, 2010) (same).

The plaintiff also seems to base this challenge on the limitation to "no uneven ground," although it is mentioned only in passing. Itemized Statement at 11. I seriously doubt, as a practical matter, that a limitation to "no uneven ground" would erode the occupational basis for sedentary work in any but the most minimal way, but my research has found no authority directly on point. *See Kyriakopoulos v. Bowen*, No. 83 C 4154, 1986 WL 7969 at *3 (N.D.Ill. July 10, 1986) (limitations to standing and walking two hours per day and inability to climb or walk on uneven ground consistent with RFC for full range of sedentary work).

In addition, as pointed out by counsel for the commissioner at oral argument, a vocational expert was present at the hearing, at which the plaintiff was represented by counsel. Record at 44. The plaintiff had the opportunity to present testimony on this point and to call the vocational

---

[2] The cited Ruling says the following: "Usual everyday activities, both at home and at work, include ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so. These activities are required more in some jobs than in others, and they may be critical in some occupations. Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. Certain occupations, however, may be ruled out[.] . . . Where the effects of a person's actual limitations of climbing and balancing on the occupational base are difficult to determine, the services of a V[ocational] S[pecialist] may be necessary." Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 349-50.

expert as a witness for this purpose. He did not do so, and the administrative law judge "was not required to usurp counsel's role." *See Matta v. Secretary of Health & Human Servs.*, 806 F.2d 287, 290 (1st Cir. 1986).

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*<u>NOTICE</u>*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 24th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge